

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50469 | **DATE** | 5/28/2003 |
| **CASE TITLE** | DAVIS vs. BELVIDERE POLICE DEPARTMENT | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons stated on the reverse Memorandum Opinion and Order, the Department's motion for summary judgment is granted. This case is dismissed in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 29 2003 | 18 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | 5-29-03 | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice  SW  mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Lori Ann Davis, has filed a two-count complaint against defendant, the Belvidere Police Department ("Department"), under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). Davis alleges the Department discriminated against her because of her sex (Count I) and terminated her in retaliation for engaging in protected activity under Title VII (Count II). Jurisdiction and venue are proper based on 42 U.S.C. § 2000e-5(f)(3). Before the court is the Department's motion for summary judgment, filed pursuant to Federal Rule of Civil Procedure 56.

From December 2000 until June 2001, Davis worked at the Department as an unsworn Community Service Officer, or "CSO." It is apparent from the record Davis is a very friendly, outgoing, and gregarious person. Some of the officers who worked in the Department, however, thought she was a little *too* friendly and felt she shared too much of her personal life with them. This prompted her immediate supervisor, Sergeant Jerry Temple, to talk with Davis about discussing personal matters in the workplace. According to Davis, Temple's advice in dealing with the other officers was that she should not talk to them unless they talked to her first, she should not smile and say "Hi" to them in the hallway, and she should not even look them in the eyes. And it is these comments that form the basis of Davis' sex discrimination claim in Count I: she says that no other officer, but especially no other *male* officer, was told not to speak unless spoken to or not to look other officers in the eyes, and claims she was told these things because she was a female CSO.

To be clear, although Davis in her response brief uses the phrase "hostile work environment" and words like "humiliating" and "degrading," she consistently – beginning with her EEOC charge, and then in her complaint, and finally in her brief in response to the summary judgment motion – has framed her legal theory in Count I in terms of disparate treatment, not a hostile work environment. That being the case, this claim does not even get off the ground because her disparate treatment did not amount to, or result in, an adverse employment action. As she is proceeding under the familiar McDonnell Douglas burden-shifting method of proving sex discrimination, it is axiomatic Davis must establish, as part of her prima facie case, that she suffered an adverse employment action. See Haywood v. Lucent Techs., Inc., 323 F.3d 524, 530 (7th Cir. 2003). But even assuming *arguendo* the Department treated Davis differently than her male coworkers by telling her not to speak unless spoken to and not to even look at the other officers in the eyes, this disparate treatment is not *itself* an adverse employment action. See Traylor v. Brown, 295 F.3d 783, 790 (7th Cir. 2002). And Davis has not at all argued such disparate treatment resulted in any other type of adverse employment action. This count is therefore dismissed.

Turning to Count II, one day in May 2001, Davis found near her work space three stuffed teddy bears placed in a sexually explicit (and, in Davis' mind, offensive) position. She took a picture of the bears and showed it to Nancy Laurent, the Human Resources Director for the City of Belvidere. That same day, Laurent had the bears removed and Chief of Police Jan Noble ordered his sergeants to tell their respective officers that such conduct would not be tolerated. Noble terminated Davis approximately one month later in June 2001. At some point before her termination, Noble learned it was Davis who had "reported the bears." In Count II, Davis claims she was terminated in retaliation for complaining about the sexually offensive bears, which the Department apparently assumes is a form of protected activity under Title VII.

Davis once again proceeds under the McDonnell Douglas method of proving her retaliation claim. This requires her to establish a prima facie case by demonstrating she (1) engaged in protected activity, (2) performed her job according to the Department's legitimate expectations, (3) suffered an adverse employment action, and (4) was treated less favorably than similarly situated employees who did not engage in statutorily protected activity. See Hilt-Dyson v. City of Chicago, 282 F.3d 456, 465 (7th Cir.), cert. denied, 123 S. Ct. 97 (2002). The Department does not contest the first or third prongs of the prima facie test, and the court momentarily skips over the Department's argument on the second prong. As for the fourth prong, however, the court agrees Davis has failed to show that similarly situated employees were treated more favorably than her. Indeed, Davis affirmatively admits there is no evidence regarding the performance, qualifications, or conduct of the only other CSO in the Department at the time, a man by the name of Ray Edwards. (Pl. Resp., p. 4) Nevertheless, Davis claims it is "uncontroverted" that all CSOs "perform the exact same job functions" (although again she has no evidence on this point) and then argues it can be inferred from this (i.e., the complete lack of evidence) that she is similarly situated to Edwards. Davis clearly misapprehends her burden in responding to a motion for summary judgment. On such a motion, it is the moving party's burden merely to point out the absence of evidence supporting the nonmoving party's case; it is then the nonmoving party's burden to produce evidence sufficient to create a genuine issue of material fact for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). In this case, the Department has pointed out a lack of evidence on the similarly situated prong; Davis has done nothing to rebut this with any evidence whatsoever to show she and Edwards are similarly situated. A jury cannot make reasonable inferences from nothing. Summary judgment on this claim is therefore proper on this basis alone.

But even assuming Davis had satisfied her prima facie case, the court would still find her retaliation claim cannot stand because she has not rebutted as a pretext the Department's legitimate, noninvidious reason for dismissing her. See Hilt-Dyson, 282 F.3d at 465. According to the Department, Noble terminated Davis' employment because, even though she was considered an excellent worker and received many positive remarks on her one and only performance evaluation, she was also the subject of numerous written complaints from other officers in the Department for being "too friendly" and bringing her personal problems to work. In response, Davis does not contest Noble relied on these reports in making his decision to terminate her, but argues instead they are inadmissible hearsay and lack proper foundation and authentication.

On the one hand, Davis' objections to this evidence are probably correct with respect to the Department's argument that Davis was not meeting its legitimate expectations (i.e., the second prong of the prima facie case). As to that issue, the reports would be offered as substantive evidence to prove the truth of the matters asserted – that Davis in fact made all of the inappropriate personal comments or engaged in the other inappropriate conduct recited in the reports. For that purpose, then, the reports would indeed be hearsay and, hence, inadmissible (besides lacking proper foundation and authentication), which also would mean a question of fact exists as to the second prong of the prima facie case on Davis' retaliation claim.

As to the issue of pretext, however, the reports are not being offered as substantive evidence or to prove that Davis really did or said all of the things contained in those reports, but, instead, merely to prove Noble relied on them and *honestly believed* Davis did or said those things. See Franzoni v. Hartmarx Corp., 300 F.3d 767, 772 (7th Cir. 2002) (stating that pretext cannot be shown if employer honestly believed its reason(s) for terminating employee). For *that* purpose, the reports are not hearsay and the lack of foundation or authentication is a non-issue. Because Davis thus has offered no evidence to refute that Noble honestly believed she was unable to maintain effective working relationships with the other officers in the Department, she cannot establish pretext.

For the reasons stated above, the Department's motion for summary judgment is granted. This case is dismissed in its entirety.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

Lori Ann Davis **JUDGMENT IN A CIVIL CASE**

v.

Case Number: 01 C 50469

Belvidere Police Department

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that the Department's motion for summary judgment is granted. This case is dismissed in its entirety.

Michael W. Dobbins, Clerk of Court

Date: 5/28/2003

Susan M. Wessman, Deputy Clerk